IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

**In re: JAMISON HAMLIN DYER** §   **Case No. 24-80163**
            §     **(Chapter 13)**

## DEBTOR'S EMERGENCY MOTION FOR CONTINUATION OF THE AUTOMATIC STAY OR MOTION TO IMPOSE THE AUTOMATIC STAY

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THE DATE RELIEF IS NEEDED TO AVOID THE CONSEQUENCES OF THE EMERGENCY: JUND 30, 2024.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.**

**IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING – EMERGENCY RELIEF REQUESTED.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

1. This motion requests an order from the Bankruptcy Court authorizing the continuation of the automatic stay pursuant to 11 U.S.C. §362(c)(3)(B).
2. Alternatively, this motion requests an order from the Bankruptcy Court authorizing the imposition of the automatic stay pursuant to 11 U.S.C. §362(c)(4).
3. Debtor, who was/were represented by Susan Norman, filed a prior case #24-31651 on 04/12/2024, which was dismissed on 05/30/2024, and the latest filed plan and schedules reflected the following:

  a) combined monthly gross income of $3,759.17;

    b)  combined monthly expenses of [**not listed**];

    c)  chapter 13 plan payment in the amount of $_____ with a ___% dividend to the general unsecured class of creditors [**no plan filed**];

    d)  a total of $0 paid into the chapter 13 trustee;

    e)  the following motions for relief from stay were either pending or had been resolved by terminating, conditioning, or limiting the stay:   **NONE**

    f)  the case was dismissed for the following reasons: failure to file pay advice statement

4.    Debtor's current case was filed on 05/31/2024, which is within a 1-year period of the prior case being dismissed, and in which the latest filed plan and/or schedules reflects the following:

    a)  combined monthly gross income of $4,079.17

    b)  combined monthly expenses of:  **NONE listed**

    c)  chapter 13 plan payment in the amount of $_____ with a ___% dividend to the general unsecured class of creditors.  **None filed yet**

    d)  filed a Wage Order, EFT or ACH on 06/26/2024.

5.    Describe any substantial change in the financial or personal affairs of the debtor(s) since the dismissal of the Debtor(s)' most recent case:

        Debtor has retained the below bankruptcy counsel to address case issues.

6.    Counsel that filed the case for the Debtor was not aware of the necessity to file a motion to extend the automatic stay.  Therefore, no motion was filed.

7.    The undersigned counsel first consulting with the Debtor and current counsel on June 26, 2024.

8.    **Debtor is requesting that this court consider entering an order to extend the automatic stay for a short time period to allow for a hearing to occur so that the court may then determine if the stay should be extended.  An order to extend the stay for a short time pending a hearing is attached.**

9.    The undersigned will prepare and file a chapter 13 plan very soon.

The undersigned have reviewed the foregoing and acknowledge that the matters raised are true and correct.

Date: June 26, 2024          */s/ Jamison Hamlin Dyer*
                                Jamison Hamlin Dyer

Respectfully submitted,

/s/Reese W. Baker
Reese W. Baker
Texas Bar No. 01587700
Nikie Marie Lopez-Pagan
TX Bar No. 24090233
Baker & Associates
950 Echo Lane, Suite 300
Houston, Texas 77024
713-869-9200
713-869-9100 (fax)
**PROPOSED COUNSEL FOR THE DEBTOR**

## CERTIFICATE FOR EMERGENCY CONSIDERATION

The prior case of the Debtor (24-31651) was dismissed for failure to file pay advices or a statement of no pay advices.  In this case, the pay advice statement has been filed.  To the knowledge of counsel, all required documents under section 521 have been filed.

The counsel that filed this case was not aware of the necessity to file a motion to extend the stay.  Due to the prior case being dismissed on May 30, 2024, a motion to extend the stay is necessary.  The 30-day time period for extending the stay will be on June 30, 2024.  **The undersigned counsel has requested that this court consider the immediate entry of the order attached hereto extending the stay for a short time to allow for a hearing.**

Counsel for the Debtor understands that cause exists to extend the stay and the stay should be extended due to the actions of a creditor.

/s/ Reese W. Baker
Reese W. Baker

## Certificate of Service and Certificate of Compliance with BLR 4001

A copy of this motion was served on the persons shown on exhibit "1" at the addresses reflected on that exhibit on June 27, 2024 by prepaid United States first class mail.

/s/ Reese W. Baker
Reese W. Baker