United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 02, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-80163** |
| **JAMISON HAMLIN DYER,** | § | |
| | § | |
| Debtor. | § | |
| | § | **CHAPTER 13** |

### ORDER DENYING MOTION

Before the Court is a Motion for Entry of an Order Determining the Automat Stay does not Apply to Certain Real Property (ECF No. 23) filed by Alejandro Sanchez, a creditor in this case. Counsel for the movant attached a certificate of service to the instant motion that stated service was made electronically to all parties receiving electronic notice. However, there was no service list attached. It is not sufficient for the certificate to merely state parties have been served without specifying who those parties are.[1] In addition, there are parties in this case that do not receive electronic notice and must be served via regular U.S. mail.

**THEREFORE, IT IS ORDERED** that the Motion for Entry of an Order Determining the Automat Stay does not Apply to Certain Real Property is denied without prejudice.

SIGNED 08/02/2024

Jeffrey Norman
United States Bankruptcy Judge

---

[1] See Bankruptcy Local Rule 9013-1(f) located at www.txs.uscourts.gov/page/bankrupty-local-rules: "Whenever service of a pleading, notice, or other document is required under these rules or the Federal Rules of Bankruptcy Procedure, the serving party must serve it no later than the next day after the pleading is filed. The serving party must file a certificate of service including the name and address of those served.