**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** § | | **CASE NO. 24-80163-G-13** |
| **JAMISON DYER** § | | |
| § | | |
| **DEBTOR** § | | **CHAPTER 13** |

**DEBTOR'S MOTION FOR TURNOVER OF
PROPERTY OF THE ESTATE AND DIVISION ORDER FOR ROYALTIES**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**ADUIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL IN FACILITY.  YOU MAY ACCESS THE FACILITY AT 832-917-1510.  YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES.  ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE PEREZ'S CONFERENCE ROOM NUMBER IS 282694.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING.  TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION.  TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGE PEREZ" IN THE GOTOMEETTING APP OR CLICK THE LINK ON JUDGE PEREZ'S HOME PAGE IN THE SOUTHERN DISTRICT OF TEXAS WEBSITE.  ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT HAND CORNER AND ENTER YOUR NAME UNDER PERSONAL INFORMATION SETTING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE, UNITED STATES BANKRUPTCY JUDGE:

Jamison Dyer (hereinafter referred to as the "Debtor") file this motion for Turnover of Property of the Estate and Entry of a Division Order, and in support thereof would show this Court as follows:

## I.

## **Relief Requested**

1. The Debtor requests that this court conduct a hearing on the motion for turnover of property of the estate and enter an order requiring to turnover property of the estate to the Debtor.

2. The Debtor's father provided legal services and was not paid.

3. In settlement of the legal fees, Debtor's father and Buck agreed that the royalties from properties would be divided.

4. Debtor is to receive for his father a sixth (1/6th) of an interest in the monthly disbursements. The royalties appear to be currently paid by SilverBow Resources at 575 North Dairy Ashford, Suite 1200, Houston, Texas 77079 and also by Warwick- Artimis, LLC, 6608 N. Western Ave., Box 417, Oklahoma City, OK 73116.

5. James Buck ("Buck") has been and continues to receive the Debtor's portion of the monthly disbursements. Buck had promised to deliver the funds to Dyer upon receipt. Buck is receiving two-thirds (2/3rds) of the sixth (1/6th) of the monthly disbursements, which amount includes the amounts payable to Dyer.

6. On information and belief, Buck owes the Debtor in excess of $18,000 ("Funds") for past monthly disbursements.

7. The Debtor needs the Funds to help fund his chapter 13 plan.

8. In addition, the Debtor requests that Buck sign a division order to provide for the

one-third of the one-sixth of the royalties be paid directly to Dyer.

## II.

### Reasons Why the Relief Should be Granted

9. On May 31, 2024, the Debtor filed a voluntary petition for relief under Chapter 13, in the United States Bankruptcy Court for the Southern District of Texas, Galveston Division.

10. The Debtor is in need of the Funds to help fund his chapter 13 plan.

11. Buck has been notified of this bankruptcy case. The undersigned counsel has sent a letter demanding release of the Funds.

12. Buck has failed to release or deliver the Funds to the Debtor.

13. The Funds belong to the Debtor and are property of the estate.

14. Dyer needs the fund.

15. Dyer believes that a division order will address the ongoing concerns that Buck continues to keep the distributions.

### TURNOVER OF PROPERTY UNDER SECTION 542

16. The Funds are property that the Debtor may use under section 363 and therefore is property that Buck must turnover to the Debtor pursuant to section 542.

17. Buck should also execute a division order so that the one-third of the one-sixth of the royalties be paid directly to Dyer

WHEREFORE, the Debtor requests that this Court set a hearing to consider the Debtor's request to turnover the funds and for entry of a division order and for such other and further relief as to which the Debtor is entitled.

DATED: December 11, 2024

Respectfully submitted,

*/s/Reese W. Baker*
**Reese W. Baker**
**Texas Bar No. 01587700**
Sonya Kapp
TX Bar No. 11095395
Nikie Marie Lopez-Pagan
TX Bar No. 24090233
Baker & Associates
950 Echo Lane, Suite 300
Houston, Texas 77024
713-869-9200
713-869-9100 (fax)
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I certify that on December 11, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on December 11, 2024, I caused a copy of the following described documents to be served to the parties listed below in the manner listed below. Documents served were (1) Motion for Turnover of Property of the Estate, and (2) Proposed Order on Motion for Turnover of Property of the Estate.

| | |
|---|---|
| James Buck<br>109 Trails Circle Drive<br>Sandia, Texas 78383 | U.S. Mail |
| SilverBow Resources<br>575 North Dairy Ashford, Suite 1200<br>Houston, Texas 77079 | U.S. Mail |
| Warwick-Artimis, LLC<br>6608 N. Western Ave., Box 417<br>Oklahoma City, OK 73116 | U.S. Mail |

*/s/Reese W. Baker*
**Reese W. Baker**