## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JAMISON DYER | § | Case No. 24-80163-G-13 |
| | § | (Chapter 13) |
| Debtor | § | |

### *NUNC PRO TUNC* APPLICATION TO EMPLOY SUSAN C. NORMAN AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. § 328(a)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Alfredo Perez,**
**United States Bankruptcy Judge:**

Jamison Dyer ("Debtor") files this *Nunc Pro Tunc* Application to Employ Susan C. Norman (the "Firm") as special litigation counsel pursuant to 11 U.S.C. § 328(a).

### Application to Employ

1.      The Movant desires to employ the Firm on a contingency fee basis to represent the Movant in the following State District Court matters:

- In state court matter no. 2023-08753, styled as *Jamison H. Dyer v. Linda Caruso*, et al in the 127th District Court of Harris County, Texas.

- In state court matter no. 2023-08753-A, the severed cause of action styled *Jamison H. Dyer v. Alejandro Sanchez*, presently on appeal.

- In the Fourteenth Court of Appeals (state court) in appeal no. 14-24-00572-CV styled *Jamison H. Dyer v. Alejandro Sanchez*.

- In state court matter no. 24-CV-0992 in the 10th District Court of Galveston County, Texas a personal injury case with a pending agreed settlement.

- Debtor may also have possible claims against a former property manager, which may need to be litigated.

2.      The employment of the Firm is required at this time to pursue the estate's claims. An hourly fee is proposed to be paid only on recovery and limited to recovery (effectively a contingency fee arrangement). The estate does not have sufficient unencumbered funds with which to engage counsel and pursue needed litigation.

3.      The Firm's business address is P.O. Box 55585, Houston, Texas 77255-5585. The Firm's main telephone number is 713-882-2066.  The Firm's fax number is 281-402-3682.

4.      The Debtor has selected the Firm because Norman has extensive experience in the State District Court litigation matters.  The Debtor believes that the Firm can provide the estate with the required legal expertise to allow the Firm to handle this litigation effectively and prudently.

5.      Susan C. Norman of the Firm will be designated as attorneys-in-charge and will be responsible for the representation of the Movant by the Firm as set forth in this Application.

6.      Susan C. Norman is admitted to practice before all courts in the State of Texas. Susan C. Norman has significant experience in handling litigation matters of this type.  The Debtor has selected Susan C. Norman because of her prior experience.

7.      The Firm will render professional services including, but not limited to:

- assisting the Debtor in analyzing/prosecuting/etc. claims owned by the estate against third parties;

- preparing and filing such pleadings as are necessary to pursue the estate's claims against third parties and any appeals;

- conducting appropriate examinations of witnesses, claimants and other parties in interest in connection with such litigation;

- representing the Debtor in any judicial or administrative proceeding in which the claims described herein may be affected;

- collecting any judgment that may be entered in the contemplated litigation; and

- performing any other legal services that may be appropriate in connection with the prosecution of the litigation described above.

8.      Debtor is filing an application to employ both Susan C. Norman and Holly Crampton.  Norman and Crampton have worked on cases together in the past. They intend to coordinate work between themselves to prevent duplication of work.  Crampton will mainly work on the appeal but will work on other matters in coordination with Norman.  Both Crampton and Norman understand that they cannot duplicate services.

## Statement Regarding Connections to the Case

*9.*      Except as set forth above and in the attached affidavit, the Firm has no other connection with the Debtor, his creditors, any other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee and are "disinterested persons" within the definition of Section 101(14) of the Bankruptcy Code on the matters for which it is to be engaged as special counsel.  *See Attached Affidavit.*

## Compensation

10.      The Firm has negotiated an hourly / contingency fee arrangement with the Debtor. Under the proposed agreement, the Firm will receive $500 per hour for all court appearances and depositions, including in-person and remote hearings conducted by Zoom or other video conferencing method(s); $400 per hour for court-related matters, including time involved in preparing for court; preparation, drafting and proofing of pleading and motions; legal research;

interviewing witnesses; conferences and communications with Client; conducting discovery; depositions; communication with the attorneys representing the defendant(s); negotiations with the attorneys representing the defendant(s); time spent relating to Client's experts and time required to investigate and prepare for the defendant(s) experts; and all other reasonable and necessary time spent preparing and resolving Client's case except for travel and waiting time, which is billed at a reduced rate. In the event that there is no recovery in the case, then client will not owe further attorney's fees to the Firm beyond any fees which may have already been paid. Further, legal fees and expenses will not exceed any recovery.   Susan C. Norman will submit a separate invoice for her services.  A copy of the representation agreement is attached as **Exhibit 1**.

11.     In reaching his decision, the Debtor has evaluated the estate's available resources, the complexity of the litigation, the anticipated costs and the associated risks of the litigation. The Debtor is concerned that the estate does not have sufficient resources to employ counsel and any needed forensic expert assistance that may be needed on an hourly fee basis.  Even if sufficient resources were available, the Debtor believes that such resources should be preserved for creditors and non-litigation matters.  Under the circumstances, the Debtor believes that the terms of the proposed agreement are both reasonable and prudent.  The estate incurs no additional administrative expense without a direct corresponding benefit.

12.     As of the filing of this application, the Firm has not received any funds from the Debtor or any other party in this case.

13.     In the attached affidavit, the Firm has identified the amount and source of compensation to be paid to the Firm for services rendered in connection with its representation of the Movant in this case.

### Authority for Employment *Nunc Pro Tunc*

14.     The Debtor originally retained Susan Norman on or around April 11, 2024, to represent the Debtor in connection with certain litigation. Susan Norman has advised the Debtor to employ both her and Holly Crampton.

15.     After discussions, the Debtor decided to hire Reese W. Baker, and Baker & Associates to handle his chapter 13 bankruptcy. An Order substituting Reese W. Baker, and Baker & Associates as attorney of record was entered on December 4, 2024.

16.     Susan C. Norman filed an Application to Employ on June 7, 2024, at docket no. 5. However, the Adversary Case was subsequently closed.  When the adversary was closed, no further action occurred on the application to employ Norman.

17.     The Debtor and Susan C. Norman have since acquired the assistance of Holly Crampton.  Holly Crampton will assist with all of the cases but will mainly provide services for the appeal.

18.     The Court has discretion to issue an order approving the employment of an attorney *nunc pro tunc* under its general equity powers. *In re Triangle Chemicals, Inc.,* 697 F.2d 1280, 1288-89 (5th Cir. 1983). Bankruptcy Local Rule 2014-1(b) sets forth the requirements for a *nunc pro tunc* application. First, the Debtor was originally represented by Susan C. Norman in his chapter 13 bankruptcy case. Second, *nunc pro tunc* approval is required because the Debtor and Susan C. Norman recently acquired the help of Holly Crampton to help prosecute the appeal. Finally, no persons or parties will be prejudiced by the granting of this application. The Firm understands that it bears responsibility for ensuring that its employment applications are properly filed with the Court. The Firm has, however, acted reasonably and prudently in this case. No party has been prejudiced. Under these circumstances, an order *nunc pro tunc* is appropriate.

Accordingly, the Movant requests that the Court approve the retention of the Firm as special litigation counsel under 11 U.S.C. § 328(a) as set forth above and for such other relief as is just.

Dated: January 29, 2025

Respectfully submitted,

*/s/Reese W. Baker*
**Reese W. Baker**
**Texas Bar No. 01587700**
Sonya Kapp
TX Bar No. 11095395
Nikie Marie Lopez-Pagan
TX Bar No. 24090233
Baker & Associates
950 Echo Lane, Suite 300
Houston, Texas 77024
713-869-9200
713-869-9100 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I certify that on or about January 29, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

| | |
|---|---|
| Tiffany D Castro | ecf@ch13hou.com |
| Tara L Grundemeier | houston_bankruptcy@lgbs.com |
| Justin Robert Huber | justin.huber@mhllp.com |
| Trey A. Monsour | tmonsour@foxrothchild.com; rsolomon@foxrothchild.com; msteen@foxrothchild.com; TX.DKT@foxrothchild.com |
| Susan C. Norman | suenorman@SueNormanLaw.com; eastprolaw@msn.com |
| Cameron A. Secord | csecord@jw.com; kgradney@jw.com; dtrevino@jw.com; jsauceda@jw.com |
| Alithea Zymaris Sullivan | asullivan@ebbklaw.com |
| US Trustee | USTPRegion07.HU.ECF@USDOJ.GOV |

I further certify that on or about  January 29, 2025, I caused a copy of the following described documents to be served to all parties listed below in the manner listed below. Documents served were (1) Application to Employ Holly Crampton as Special Counsel (2) Proposed Order, (3) unsworn declaration pursuant to 11 U.S.C. §327(a) and Bankruptcy Rule 2014, (4) Statement of Attorney for Debtor Pursuant to Bankruptcy Rule 2016(b), and (5) Exhibit I, Purpose of Representation.

Susan C. Norman                                          Email: suenorman@suenormanlaw.com
P.O. Box 55585
Houston, Texas 77255-5585


                                        /s/Reese W. Baker
                                        **Reese W. Baker**