IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| In Re: § | | CASE NO. 24-80163-G-13 |
| JAMISON DYER § | | |
| § | | |
| § | | |
| Debtor § | | Chapter 13 |

**MOTION TO APPROVE COMPROMISE OF CONTROVERSY BETWEEN DEBTOR AND CHRISTOPHER KINGSTON, JR. PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**NOW COMES** Jamison Dyer ("Debtor") and files this Motion to Approve Compromise of Controversy Between Debtor and Christopher Kingston, Jr. Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 (the "Motion") and would respectfully show the Court as follows:

**Summary of Relief Requested**

Debtor seeks approval of a settlement resolving the Civil Action No. 24-CV-0992 (the "Lawsuit"), filed by Debtor against Christopher Kingston, Jr., to recover damages for personal injuries sustained by Debtor in an automobile accident on June 17, 2022. Debtor is represented in the Lawsuit by Susan C Norman ("Norman"). Norman represented Dyer without any charge.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. § 1409(a). The statutory predicates for the requested relief in this Motion are section 105 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relevant Background**

2. Debtor filed a voluntary petition for relief pursuant to Chapter 13 of Title 11 of the United States Code on May 31, 2024.  Debtor remains in a Chapter 13 at this time.

3. Debtor filed the Lawsuit against Christopher Kingston, Jr. to recover damages for personal injuries sustained by Debtor in an automobile accident on June 17, 2022.

4. Christopher Kingston, Jr. is insured and represented by Geico.

5. Debtor is represented in the Lawsuit by Norman.

6. Debtor filed an Application to Employ Susan C. Norman on January 29, 2025, at docket no. 136.

7. On or about February 11, 2025, the Debtor and Geico (the "parties") agreed to a settlement on Debtor's Lawsuit.

8. Debtor asserts that the proposed settlement is in the best interest of the Debtor and the chapter 13 bankruptcy estate, therefore, should be approved by this Court.

**Statement of Facts**

9. On June 17, 2022, Debtor suffered blunt force trauma type injury from the impact from Christopher Kingston, Jr.'s failure to control speed of his vehicle.

10. Debtor's injuries have resulted in continued suffering.

## Terms of Settlement

11. Settlement Agreement ("Settlement") submitted to this Court for approval provides for a full and complete release of Debtor's claims against Christopher Kingston, Jr. arising from the injuries and damages sustained by Debtor in an automobile accident. The Settlement is attached hereto as **_Exhibit A_** and incorporated herein by reference.

12. In consideration of the general release of Debtor's claims, Christopher Kingston, Jr. agreed to pay Debtor the amount of Two Thousand Five Hundred Dollars ($2,500).

13. The funds for the total amount of the Settlement will be used to help fund the Debtor's chapter 13 plan base.

14. The Debtor respectfully requests that the Court approves the Settlement.

## Merits of the Compromise

15. Debtor asserts that the Settlement is in the best interest of Debtor and the chapter 13 bankruptcy estate.

16. The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *TMT Trailer, supra.,* requires that a compromise must be "fair and equitable." *TMT Trailer*, 390 U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984). The terms "fair and equitable" mean that (i) senior interests are entitled to full priority over junior interests; and (ii) the compromise is reasonable in relation to the likely rewards of litigation. *In re Cajun Electric Power Coop.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

17. Besides being "fair and equitable", the settlement must be "in the best interests of the estate". *In re Mirant Corp*, 348 B.R. 725, 738 (Bankr. N.D. Tex. 2006). *See, Protective Comm.*

*for Indep. Stockholders of TMT Trailer Ferry, Inc.,* 390 U.S., at 424; *In re Jackson Brewing Co.*, 624 F.2d at 602.

  18. To determine whether a settlement is "fair and equitable and in the best interests of the estate," courts evaluate the following four factors:

  a. The probability of success in the litigation;

  b. The complexity and likely duration of the litigation and any attendant expense, inconvenience or delay, and possible problems collecting a judgment;

  c. The interest of creditors with proper deference to their reasonable views; and

  d. The extent to which the settlement is truly the product of arm's length negotiations.

*In re Mirant*, 348 B.R. 725, 739–40 (Bankr. N.D. Tex. 2006) (citing *Cajun Electric*, 119 F.3d at 355–56) (citations omitted).

  25. In deciding whether to accept a compromise, the debtor is required to reach an informed judgment, after diligent investigation, as to whether it is prudent to eliminate the inherent risks, delays, and expense of prolonged litigation. *In re Mailman Stream Carpet Cleaning Corp.*, 212 F.3d 632 (1st Cir. 2000). A court is not to substitute its own judgment for that of the debtor, but rather to "canvass the issues" and determine whether the settlement "falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 609 (2d Cir. 1983).

  26. The parties believe that the Settlement satisfies the requirements established in *Cajun Electric, supra.* and *In Re Mirant Corp., supra.* The proposed compromise between the parties is fair, equitable, and reasonable given the *bona fide* disputes and controversies that exist between the parties. The Settlement is also in the best interest of the Debtor and the chapter 13 bankruptcy estate.

27. On June 17, 2022, Debtor suffered blunt force trauma type injury from the impact from Christopher Kingston, Jr.'s failure to control speed of his vehicle.

28. Debtor's injuries have resulted in continued suffering.

29. The funds paid in the Settlement are to compensate him for his injuries.

30. It is difficult to predict the likelihood of success with respect to the Debtor's claims for damages comprised of the following elements: past medical expenses; past and future pain and suffering; past and future physical impairment, past and future lost wages, past and future mental anguish, and property damage, including loss of use.

32. Therefore, while the outcome of the litigation is difficult to estimate, the proposed compromise eliminates all litigation risks, including the resultant delay and risk of exposure to additional attorneys' fees, and represents an acceptable and preferred compromise for the parties. The ability of the Debtor to recover additional damages is questionable. The trial of the matters could be time consuming and costly.

33. Finally, the Settlement is the product of good faith, arm's length negotiation. The Debtor and Geico actively participated in the arm's-length negotiations in order to ensure a fair result that was in the best interests of the parties and the Debtor's estate.

34. Accordingly, in the Debtor and Geico's business judgment, the factors weigh in favor of approving the Settlement. For this and all of the reasons set forth above, the Settlement should be approved.

35. Debtor believes that the proposed compromise satisfies the requirements established by the Supreme Court in *TMT Trailer, supra.*

WHEREFORE, Debtor respectfully requests that the Court (1) approves the Settlement between the parties outlined herein and attached as ***Exhibit A***; (2) authorizes the distribution of

the total amount of the settlement to the chapter 13 trustee and (3) grant such other and further relief to which Debtor may be justly entitled.

*/s/Reese W. Baker*
**Reese W. Baker**
**TX Bar No. 01587700**
Sonya Kapp
TX Bar No. 11095395
Nikie Marie Lopez-Pagan
TX Bar No. 24090233
950 Echo Lane, Suite 300
Houston, Texas 77024
ATTORNEYS FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I certify that on or about February 12, 2025, I caused a copy of the forgoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

| | |
|---|---|
| Tiffany D Castro | ecf@ch13hou.com |
| Tara L Grundemeier | houston_bankruptcy@lgbs.com |
| Justin Robert Huber | justin.huber@mhllp.com |
| Trey A. Monsour | tmonsour@foxrothchild.com; rsolomon@foxrothschild.com; msteen@foxrothschild.com; TX.DKT@foxrothschild.com |
| Susan C. Norman | suenorman@SueNormanLaw.com; eastprolaw@msn.com |
| Cameron A. Secord | csecord@jw.com; kgradney@jw.com; dtrevino@jw.com; jsauceda@jw.com |
| Alithea Zymaris Sullivan | asullivan@ebbklaw.com |
| US Trustee | USTPRegion07.HU.ECF@USDOJ.GOV |

I further certify that on February 13, 2025, I caused a copy of the following described documents to be served by U.S. Mail, postage prepaid to all parties on the attached mailing matrix. Documents served were (1) Motion to Approve Compromise of Controversy Between Debtor and Christopher Kingston, Jr. Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, (2) Proposed Order on Motion to Approve Compromise of Controversy Between Debtor and Christopher Kingston, Jr. Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, and (3) Exhibit A Settlement Agreement.

/s/Reese W. Baker
Reese W. Baker